## BROOKS *v.* TOWN OF LOGANVILLE.

The constitution, article 8, section 4, paragraph 1, as amended by the proposal of 1903, (Acts of 1903, p. 23), which empowers the General Assembly to give authority to municipal corporations, upon the recommendation of the corporate authority, to establish and maintain public schools by local taxation, to become operative only after the law shall have been submitted to a vote of the qualified voters and approved by a two-thirds vote of the persons qualified to vote at such election, is not self-executing.    A general power contained in the charter of a town to establish and maintain a public-school system by taxation, without any provision for the submission of the question to a vote of the qualified voters of the town before it shall become effective, is not a compliance with the constitution, and does not authorize the levy and collection of a special tax, although an election may have been held and two thirds of the persons voting therein voted for the special tax.

APRIL 16, 1910.

Petition for injunction.    Before Judge Meadow.    Walton superior court.    June 28, 1909.

*J. H. Felker,* for plaintiffs.    *Napier & Cox,* for defendants.

Evans, P. J.    An election was held in the Town of Loganville on May 18, 1909, wherein was submitted the question of levying a special tax for the maintenance of a public-school system for the town.    More than two thirds of the votes cast therein were favorable to the levy of the special tax.    A. M. Brooks and other citizens and taxpayers of the town filed their petition, praying that the town and the mayor and council be enjoined from levying and collecting the tax claimed to have been authorized by the election. The complaining taxpayers assert that the act of 1905 incorporating the Town of Loganville did not confer upon that municipality any power to establish and maintain a public-school system by local taxation.    The constitution, as amended by the proposal of 1903 (Acts of 1903, p. 23), declares that "authority may be granted to

counties, militia districts, school districts, and to municipal corporations, upon the recommendation of the corporate authority, to establish and maintain public schools in their respective limits by local taxation; but no such laws shall take effect until the same shall have been submitted to a vote of the qualified voters in each county, militia district, school district, or municipal corporation and approved by two thirds majority of persons voting at such election, and the General Assembly may prescribe who shall vote on such questions." In the 49th section of the charter of the town (Acts of 1905, p. 936) it is enacted, "that said mayor and council shall have authority to establish and maintain a system of public schools in said town, to be operated under the supervision of the board of education of said town, under such rules and regulations as may be prescribed by them, not inconsistent with the provisions of law on such subject; and for the purpose of maintaining the same said mayor and council may levy and collect a special tax on the property in said town as the other taxes are collected, provided they shall comply with the provisions of the general laws on the subject of collecting and levying such special tax."

The constitutional permission to the General Assembly to delegate to municipalities the power to establish and maintain a public-school system by local taxation is not self-executing. This clause of the constitution does not purport to establish a public-school system by local taxation, but does delegate such power to the General Assembly. The General Assembly has enacted a general law authorizing counties and school districts to establish and maintain public schools by local taxation (Acts of 1906, p. 61), but has not passed any general law conferring such authority on municipalities. The act of 1905 undertakes to give plenary authority to the mayor and council of the Town of Loganville to establish and maintain a public-school system by local taxation, with the proviso that in the levy and collection of the tax the municipality must comply with the provisions of the general law. What general law? Necessarily the reference must be to a general law authorizing municipalities to submit to the qualified voters a proposal to establish and maintain a public-school system, when approved by a two-thirds vote of persons qualified to vote at such election. There is no general law upon this subject. The constitution contemplates that the General Assembly may pass a law conferring upon

the municipality authority to establish a public-school system to be supported by local taxation, but that such law shall not be operative until approved by a two-thirds vote of the electors whose qualifications are prescribed by the General Assembly.   It is competent and proper for the General Assembly, by a special law or amendment to. a municipal charter, upon recommendation of the corporate authority of the municipality, to give authority to such municipality to establish and maintain a public-school system by local taxation when approved by a two-thirds vote of the qualified electors; but the provisions on that subject must be sufficiently complete to meet all of the constitutional requirements.   Manifestly the act of 1905 was deficient in this particular, and an election held for the purpose of submitting the question of taxation was unauthorized by the charter.

As the act of 1905 did not confer upon the Town of Loganville the power to submit to the voters the question of the maintenance of a public-school system by local taxation, it is unnecessary to discuss the criticisms made upon the general provisions of the act relative to the registration and qualifications of voters for municipal elections, further than to call attention to the provisions relating to the registration of voters, which would seem to allow the registration of voters ineligible to vote for members of the General Assembly.          *Judgment reversed.   All the Justices concur.*