BURKHART *et al. v.* CITY OF FITZGERALD *et al.*

ATKINSON, J.  1. An assignment of error in a bill of exceptions to a judgment refusing an ad interim injunction, based upon the admission of evidence, must set out the evidence admitted, at least in substance.

2. An assignment of error upon the admission of a given portion of the affidavit of a witness is not well taken where it appears that the excerpt was objected to as a whole, and some part of it, if not all, was admissible. *Fricker* v. *Americus Manufacturing & Improvement Co.,* 124 *Ga.* 165 (8), 172 (52 S. E.·65).

3. The act of the General Assembly, approved August 22d, 1907 (Acts 1907, p. 609), as amended by the act approved August 17th, 1908 (Acts 1908, p. 666), chartering the City of Fitzgerald, and establishing the territory embraced within the corporate limits as an independent school district, and authorizing the municipal officers to establish and maintain a public-school system in such city, is not unconstitutional on the ground that the act of 1905 (Acts 1905, p. 425), as amended by the act of 1906 (Acts 1906, p. 61), commonly known as the McMichael school law, made provision by general law for the laying out of counties into school districts, and the levying of school taxes in such districts after an election therefor, while the act of 1907, as amended by the act of 1908, above referred to, was a local act providing for a school system in a municipality. *Farmer* v. *Mayor & Council of Thomson,* 133 *Ga.* 94 (65 S. E. 180).

(a) The act of 1905, amended by the act of 1906, referred to above, was not intended to "prevent the legislature from incorporating new towns or cities, or conferring upon them powers touching municipal schools not in conflict with the constitution." Ib. p. 98.

4. The constitution, art. 8, sec.· 4, par. 1, as amended by the proposal of 1903 (Acts 1903, p. 23), which empowers the General Assembly to give authority to municipal corporations, upon recommendation of the corporate authority, to establish and maintain public schools, by local taxation, to become operative only after the law shall have been submitted to a vote of the qualified voters, and approved by a two-thirds vote of the persons qualified to vote at such election, is not self-executing.  A general ·power contained in the charter of the City of Fitzgerald (Acts 1907, p. 609), amended by the act of 1908 (Acts 1908, p. 666), to establish and maintain a public-school system by tax-

ation, and without any provision in the charter for a submission of the question to a vote of the qualified voters of the town before it should become effective, was not a compliance with the constitution, and did not authorize the levy and collection of a special tax for school purposes, although an election was held and two thirds of the persons voting thereat voted for such special tax (*Brooks* v. *Town of Loganville*, 134 *Ga.* 358, 67 S. E. 940), such election having been held prior to the passage of the act approved August 13th, 1910 (Acts 1910, p. 26), authorizing a certain class of municipalities to hold an election to determine the question of local taxation for the support and maintenance of public schools, to prescribe the qualification of electors for such election, and for other purposes.

5. Without authority of law to hold such an election the municipal authorities of the City of Fitzgerald caused an election to be held for the purpose of determining whether a special school tax should be levied for the support of the public schools. The requisite number of votes was cast in favor of the tax. An ordinance levying the tax was adopted by council in June, 1910. Four resident taxpayers, consisting of the Fitzgerald Trust Company, a corporation, M. E. Pearson, a woman, and H. A. Burkhart, and J. B. Seanor, filed suit March 11th, 1911, after expense had been incurred in organizing and conducting the school almost to the end of the term, for the purpose of enjoining, among other taxes, the collection of the school tax so levied. *Held:*

(*a*) As there was no authority of law to hold the election, it was void and of no effect.

(*b*) As there was no valid election, the levy of the school tax was void.

(*c*) Injunction will lie at the instance of any taxpayer who has not estopped himself, to enjoin the sale of his property for collection of such an unauthorized tax.

(*d*) Such an estoppel will not arise against a person who has done nothing to encourage the levy of the tax or the incurrence of the expense. *Sellers* v. *Cox*, 127 *Ga.* 246 (56 S. E. 289).

(*e*) As to one of the plaintiffs, J. B. Seanor, who was an alderman, and voted for the ordinance levying the tax, the evidence was of such character as to authorize the judge to find that he was estopped from resisting collection of the tax; but as to the other three the evidence was different, and of such character as that the judge should have granted a temporary injunction.

(*f*) The case is controlled by the principle of *Sellers* v. *Cox*, supra, and, for reasons therein pointed out, is distinguishable from *Irvin* v. *Gregory*, 86 *Ga.* 605 (13 S. E. 120), and *Dobbs* v. *Hardin*, ante, 191 (73 S. E. 582).

6. The mere fact that certain lands within the city limits of Fitzgerald, owned by certain other persons, had been taxed, not ad valorem, but upon a valuation which was the difference between their value for agricultural purposes and their value as town lots, furnished no reason why the plaintiffs should not pay a tax on their property greater than the percentage of the values placed upon such agricultural lands for taxation. Even if it did, there was evidence tending to show that all agricultural lands within the incorporate limits were valued and taxed as other property therein. *Georgia Midland & Gulf R. Co.* v. *State*, 89 *Ga.* 597 (15 S. E. 301).

7. Section 53 of the charter of the City of Fitzgerald provides: "Be it further enacted by the authority aforesaid, that the first half of all city taxes called for by the city tax digest shall be payable during June, and the second half payable during November of each year. Any taxes payable according to this section not paid as above stated shall be increased ten per cent., as penalty for non-payment within the time prescribed." Therefore there was authority of law to collect a penalty for failure to pay lawful taxes.

(a) It was suggested in counsel's brief that this portion of the charter is void, because it refers only to such property as is mentioned in the tax digest; and as property of railroads is not mentioned in such digest, the statute does not operate uniformly. This is in effect a criticism upon the constitutionality of the act, but no such question was raised in the pleadings or rulings on the evidence.

8. Executions issued for taxes due a municipal corporation do not bear interest where the municipal corporation, under charter authority, imposes a penalty for failure to pay the taxes. A municipality can not collect both a penalty for failure to pay taxes and interest on tax executions. Civil Code, § 1144. The charter of the City of Fitzgerald, as indicated by the excerpt quoted in the preceding note, contained a provision for the collection of a penalty, and hence no interest could be collected.

(a) All the executions sought to be enjoined were issued for a bulk sum covering taxes levied for the purpose of raising revenue for the payment of the ordinary current expenses of the city, for educational purposes for the year 1910, and for a sinking fund for the payment of bonds and interest thereon, and for penalty for the non-payment of such taxes, and for interest from the date the executions were issued. While some of the items going to make up such bulk were legal and collectible, they are so compounded with the illegal that this court will not undertake to separate the legal from the illegal, and therefore the several executions as a whole against the plaintiffs, other than Seanor, should be enjoined. The execution against him should be enjoined only as to interest.

*Judgment on each bill of exception reversed in part and affirmed in part. All the Justices concur, except Hill, J., not presiding.*

JANUARY 11, 1912.

Petition for injunction. Before Judge Whipple. Ben Hill superior court. April 16, 1911.

*L. Kennedy,* for plaintiffs. *J. B. Wall,* for defendants.