### COOPER *v.* ANTHONY, mayor, *et al.*

HILL, J.   1. Art. 8, sec. 4, par. 1, of the constitution of this State (Civil Code (1910), § 6579) provides that "Authority may be granted to counties, militia districts, school districts, and to municipal corporations, upon the recommendation of the corporate authority, to establish and maintain public schools in their respective limits by local taxation; but no such laws shall take effect until the same have been submitted to a vote of the qualified voters in each county, militia district, school district, or municipal corporation, and approved by two-thirds majority of persons voting at such election, and the General Assembly may prescribe who shall vote on such questions."

2. Accordingly, where a petition was filed by a resident of a municipality, who was also a member of a board of district school trustees, against the mayor and aldermen of the municipality, for a writ of mandamus to require them to levy and collect a special school tax for the purpose of maintaining a public graded school located within the municipality, the petition alleging that the act of 1912 (Acts 1912, p. 616) authorized, empowered, and directed the defendants to levy and collect annually a tax, not to exceed one half of one per cent., upon all taxable property within the limits of the town, for the purpose of maintaining and supporting one or more public graded schools therein, and in pursuance of the act school-teachers were employed by the trustees and citizens to teach such school, and the defendants had failed and refused to levy and collect the tax, whereby the trustees were unable to pay the teachers; and where it appears that the act above referred to made no provision and provided no machinery for holding an election as required by the constitution, and the petition did not allege that any election was held as so required and also by the act of 1910 (Acts 1910, p. 26), it was no abuse of discretion

to decline to grant a mandamus absolute. *Brooks* v. *Loganville*, 134 *Ga.* 358 (67 S. E. 940); *Burkhart* v. *Fitzgerald*, 137 *Ga.* 366 (73 S. E. 583). See also Acts 1910, p. 397 et seq.

(*a*) The provisions of the act of 1912 (supra), authorizing the levy of a tax for school purposes, are not operative until the provisions of the act of 1910 (supra), requiring an election to be had in conformity thereto, are complied with.

*Judgment affirmed.*    *All the Justices concur, except Fish, C. J., absent.*
NOVEMBER 13, 1914.

Petition for mandamus. Before Judge 'Thomas. Colquitt superior court. February 26, 1914.

*James L. Dowling,* for plaintiff.

*T. W. Mattox* and *James Humphreys,* for defendants.