ROBERTS *et al. v.* MURPHY, tax-collector.

1. In a special election called by the ordinary by virtue of the Civil Code (1910), § 1535, to submit to the voters of a school district the question of a special tax for educational purposes, the notice of the election must be given in strict conformity with the code section, and a failure to post the notices as therein required vitiates the election.
2. Injunction is an available remedy to owners of property in a taxing district, to stay the collection of taxes attempted to be collected by virtue of the authority of a void election.

OCTOBER 12, 1915.

Petition for injunction. Before Judge Thomas. Colquitt superior court. May 13, 1915.

*T. W. Mattox* and *McKenzie & Dowling,* for plaintiffs.

*James Humphreys,* for defendant.

EVANS, P. J. J. S. Roberts and others, taxpayers, sought to enjoin the enforcement of certain tax fi. fas. against them, alleged to have been issued by authority of an election held in the Elm school district of Colquitt county. The election was alleged to have been held by virtue of an order passed by the ordinary under the act of 1906 (Civil Code of 1910, § 1535), which provides that an ordinary may call an election for submitting to the voters of any school district the power to levy a tax for educational purposes to supplement the State public-school fund; "provided, that notice of the same shall be posted in at least three conspicuous places in the district ten days prior to the election." It was alleged that the notices required by the statute were neither published nor posted; and that if there had been compliance with the statute in this respect, the result of the election would have been different. For which reason it is alleged that the election is void, and that the collection of the special tax assessed by virtue of such election should be restrained. The petition was duly verified, and was presented to the judge, who refused to grant a restraining order or a rule to show cause.

There is a vital distinction between the necessity of a proclamation or publication of notice of a general election, the time and place of which is fixed by law, and that of a special election, which is only to be called and held at the time and place fixed by some authority named in the statute. In the former instance the provision for notice has been considered as directory, inasmuch as the time and place are fixed by law, and the electors are bound to take notice of the same. In such case a failure to strictly comply with the law as to notice of the election may be treated as an irregularity, as the purpose of the prescribed notice is to give greater publicity to the election, the authority to hold which comes directly from the statute. 15 Cyc. 321. But where the election is only to be called, and the time and place of holding it are to be fixed by some authority named in the statute, after the publication of the prescribed notice, the giving of the statutory notice in the statutory manner is a condition precedent to the holding of a valid election. The giving of the notice in the way prescribed by the statute is mandatory, and a failure to comply with the statute in this respect vitiates the election. *Davis* v. *Dougherty County,* 116 *Ga.* 491 (42 S. E. 764). It is provided by the Civil Code (1910), § 1535, that "Whenever the citizens of any school district wish to supplement the funds received from the State public-school fund by levying a tax for educational purposes, they shall present a petition from one fourth of the qualified voters of the district to the ordinary, who shall order the election not earlier than twenty days, nor later than sixty days, after the petition is received: Provided, that notice of the same shall be posted in at least three conspicuous places in the district ten days prior to the election." The posting of the notices, containing the time and place of the election, is mandatory, and a failure to comply with this condition precedent vitiates the election.

As taxpayers of the Elm school district the petitioners resist the collection of the tax, because the election, upon the result of which the right to levy the tax is predicated, is void. It is not an open question that in such a case the remedy by injunction is appropriate. *Coleman* v. *Board of Education,* 131 *Ga.* 643 (63 S. E. 41). The court erred in refusing to grant a restraining order or a rule nisi, under the allegations of the petition.

*Judgment reversed. All the Justices concur.*