DOOLY *et al.* v. MAYOR &c. OF FAIRMOUNT *et al.*

1. The charter of the Town of Fairmount (Acts 1908, p. 655), as amended (Acts 1914, p. 774), does not provide for the maintenance of a public-school system by local taxation; and the provision of the act of 1910 (Acts 1910, pp. 26, 31; Park's Ann. Code 1535a), for an election to ascertain if two thirds of the voters of the municipality approve the levy and collection of a tax for the support of public schools, is not applicable.   The act of 1910 simply furnishes the machinery for an
44

election where a municipal charter authorizes the support of public schools in whole or in part by local taxation, but omits to provide for the submission of the question of taxation to a vote of the citizens.

2. The election was void for the reasons that the resolution of the municipality was too indefinite as to the amount and rate of the tax, and the notice of election was not in compliance with the act of 1910.

April 11, 1917.

Petition for injunction. Before Judge Fite. Gordon superior court. June 26, 1916.

*Neel & Neel,* for plaintiffs.

*J. G. B. Erwin Jr.,* for defendants.

Evans, P. J. 1. This is a taxpayers' suit to enjoin the collection of a school tax levied by the Mayor and Aldermen of the Town of Fairmount. It is alleged, that the town's charter does not authorize the maintenance of a public-school system supported by local taxation; that the municipality was without power to call an election for such purpose; and that the election was not held pursuant to the provisions of law in such cases made and provided. The constitution (art. 8, sec. 4, par. 1) empowers the General Assembly to grant authority to municipal corporations, upon the recommendation of the corporate authority, to establish and maintain public schools by local taxation; but no such law shall take effect until the same has been approved by two thirds of the qualified voters voting at an election held for that purpose. Civil Code, § 6579. This provision of the constitution is not self-executing. *Brooks* v. *Loganville,* 134 *Ga.* 358 (67 S. E. 940). So it was enacted that any municipality authorized by law to establish and maintain a system of public schools by local taxation, in part or in whole, and not now specially authorized to hold an election on the question of local taxation for school purposes, shall have the right to submit the question of local tax for public schools to the qualified voters of the municipality in the manner pointed out in the act of 1910, embodied in Park's Ann. Code as § 1535 (a). This act (Acts 1910, p. 26) was designed to supply the machinery to ascertain the approval of two thirds of the voters, where the General Assembly had conferred on the municipality authority to establish and maintain a system of public schools by local taxation, in whole or in part, but had omitted to provide machinery for that purpose. It did not confer on a municipality the power to support its public schools in part or in whole by local taxation.

*Mayor &c. of Brunswick* v. *Deaver,* 136 *Ga.* 247 (71 S. E. 242). Any such power must be found in the municipality's charter. The Town of Fairmount was granted a new charter in 1908, which authorized a levy, for general municipal purposes, of an ad valorem tax not to exceed fifty cents on the one hundred dollars, but did not authorize the maintenance of a public-school system. Acts 1908, p. 655. The charter was amended in 1914. In the amendment the municipality was authorized to establish and operate a public-school system, to be supported by funds derived from the town's share of the public-school fund, and from gifts, bequests and devises, and borrowed money. The municipality was further empowered to buy a lot, erect a school building thereon, and equip it out of a bond issue of $10,000, if bonds were authorized by a vote of the electors of the town; and a tax was authorized to be levied to raise funds with which to pay the bonds. Acts 1914, p. 775. No election was ever held on a proposal to issue bonds. It will be seen that no power has been given to the municipality to support its school system by local taxation. The only provision for taxing the citizens is to pay bonds, if they vote their issue. The charter does not expressly provide that the schools shall be supported by local taxation, and we do not think such was contemplated by the General Assembly.

2. But if it be conceded that the charter contains an implication that the school system is to be supported in part by local taxation, the election held to ascertain popular assent was illegal. The petition was "to call an election to vote on local taxation to support our public-school fund, maximum limit one half ($\frac{1}{2}$) of one per cent." The order granted on that petition, as entered on the minutes, was in the following language: "Motion carried to call an election for the purpose of voting local taxation for municipal school of Fairmount, said election to be held on July 6, 1915." The notice of election was that the Mayor and Council of the Town of Fairmount "hereby call an election to be held in and for said town on the sixth day of July, 1915, at the storehouse of A. C. Collins, for the purpose of approving or rejecting an act of the legislature, passed in July, 1914, entitled, 'An act to provide for a school system for the Town of Fairmount, Ga.' Those who favor the adoption of said act will have written or printed on their tickets, 'For schools with local tax.' Those who oppose the adoption of

said act will have written or printed on their tickets, 'Against schools with local tax.'" It will thus be seen that the municipal resolution calling an election is lacking in certainty as to the amount or rate of the tax to be levied. It is also apparent that the notice specifies the purpose of the election to be the adoption of the act of 1914. There is no provision in that act authorizing the submission of its adoption or rejection to the qualified voters of the town, nor does the act of 1910 (Park's Code, § 1535a) provide for submitting such questions to the voters of the town. There is no power to levy a school tax except on a vote of the electors had in the prescribed method, as the holding of such an election is a jurisdictional fact which is the foundation of the right to tax. In a special election called by municipal authority to submit to the voters of the municipality the question of a special tax for educational purposes, the notice of the election must be given in strict conformity with law, and a substantial failure in this regard vitiates the election. *Roberts* v. *Murphy*, 144 *Ga.* 177 (86 S. E. 545). Because of the indefiniteness in the order calling for the election, and because the notice of the election is neither authorized by the charter nor in compliance with the act of 1910, the election was void, and the municipality was without power to levy a special tax for the support of the schools of the municipality. It follows that the court erred in refusing to enjoin the executions.

*Judgment reversed. All the Justices concur.*