## PALMER, sheriff, *et al. v.* PHINIZY.

1. Under the provisions of section 1144 of the Civil Code, relating to interest on tax fi. fas., executions issued for taxes due a municipal corporation do not bear interest, if the municipal corporation by which the tax fi. fas. are issued imposes a penalty for failure to pay taxes. Augusta is one of the cities imposing penalties for failure to pay taxes; and consequently executions issued for taxes due that municipality do not bear interest.
2. Section 1146 of the Civil Code, relating to interest on transferred tax fi. fas., must be construed in connection with section 1144.

No. 2213. June 16, 1921.

Injunction. Before Judge Hammond. Richmond superior court. August 21, 1920.

Jacob Phinizy brought his petition against O. B. Palmer, sheriff of the City of Augusta, and J. C. Lamar and W. J. Cooney, and prayed that the defendants be enjoined from enforcing certain tax executions issued by the City of Augusta for the years 1913-1918, inclusive, the total amount of said taxes being the principal sum of $3700, ".penalties" $370, and costs $17.50, aggregating $4,087.50. The petitioner alleged that he had tendered this aggregate sum in payment, and that the tender was a continuing offer; that the tax fi. fas. issued by the city had been transferred and assigned to the defendants J. C. Lamar and W. J. Cooney, for the principal sum, penalties and costs, as expressed in the face of the said executions, and without any interest thereon being paid to the City of Augusta by the transferees; that ·the defendants, Lamar and Cooney, refused to accept the sum tendered and to cancel the tax executions, they claiming to hold and own the same as liens upon petitioner's property, and claiming that they were entitled to interest on said executions from the date they were issued. The fi. fas. had been levied upon petitioner's property, and the same was advertised for sale. The defendants filed a demurrer and answer. In the answer they admit that they declined to accept the sum tendered in satisfaction of the tax executions held by them, claiming that the amount tendered in payment of the tax failed to include interest due on the executions, and that they were entitled to be paid interest thereon. The only evidence introduced, in addition to the pleadings, was an affidavit relating to the sale of the premises. upon which the levy was made, and a statement made by the auctioneer at that time that the sale of the property was subject to taxes, and that any purchaser would have to pay

any and all outstanding taxes; that the deponent announced that the outstanding taxes were something like $6,000, but that he was not able to guarantee the correctness of those figures, but he could only say that the taxes were "somewhere in that neighborhood." And there was a further showing in the affidavit, of taxes for specific purposes. After the hearing the court rendered a judgment granting the prayer for injunction; and further ordering that, upon the payment of the principal, penalties, and costs, the defendants should mark the executions satisfied. This judgment was excepted to as being contrary to law, on the ground that the defendants were entitled to collect seven per cent. interest on each of the fi. fas. from the date the same was issued, in addition to the penalties and costs paid to the City of Augusta; and further, because the defendants were in any event entitled to recover seven per cent. of the face value of the fi. fas., as interest from the date the same were assigned to them by the City of Augusta and duly recorded on the general execution docket of the superior court of Richmond county.

*Archibald Blackshear, C. H. & R. S. Cohen,* and *S. H. Myers,* for plaintiffs in error.

*Cumming & Harper,* contra.

BECK, P. J. The controlling question in this case is whether the defendants, the owners and transferees of the fi. fas., were entitled to recover of the plaintiff interest on the fi. fas. And a determination of that question renders it necessary to consider and construe certain acts of the General Assembly and sections of the Civil Code relating to interest on tax fi. fas., and also provisions of certain statutes relating to penalties imposed for failure to pay taxes, and how the provisions imposing penalties in certain cases affect the provisions as to interest on tax executions. Section 1144 of the Civil Code is taken from the act approved November 11, 1889 (Acts 1889, p. 31), and reads as follows: "All executions issued for taxes due the State or any county thereof, or any municipal corporation therein, whether issued on assessments for permanent improvements of streets or sewers of said municipal corporation, or otherwise, shall bear interest at the rate of seven per cent. per annum from the time fixed by law for issuing the same: Provided, that this section shall not apply to taxes or tax fi. fas. issued by any municipal corporation imposing penalties for failure

to pay taxes." The legislature thereafter, by an act approved December 24, 1890 (Acts 1890, p. 50), amended the statute quoted above, so as to render the former statute inapplicable to cities having a population of 60,000 or more at the time of the approval of the act. This act, however, does not affect the City of Augusta, as it did not have a population of 60,000 at the time of the passage of the act; and it is therefore unnecessary to consider whether the act is constitutional or not. In the case of *Burkhart* v. *City of Fitzgerald,* 137 *Ga.* 366 (8), 368 (73 S. E. 583), it is said: "Executions issued for taxes due a municipal corporation do not bear interest where the municipal corporation, under charter authority, imposes a penalty for failure to pay the taxes. A municipality can not collect both a penalty for failure to pay taxes and interest on tax executions. Civil Code, § 1144. The charter of the City of Fitzgerald, as indicated by the excerpt quoted in the preceding note, contained a provision for the collection of a penalty; and hence no interest could be collected." In an act, entitled an act to authorize the City of Augusta to impose a penalty for failure to pay taxes, etc., which was approved December 9, 1898 (Acts 1898, p. 126), it was declared that "the City Council of Augusta shall be and is hereby authorized to impose a penalty in the way of an additional per centum upon all taxes, assessments, fines, license fees, and any sums due for the use of water through the water pipes of said city, which may not be paid within the time fixed by the said city council." And during the years in which the taxes hereinbefore referred to were levied and assessed there was an ordinance of the City Council of Augusta imposing a penalty in the way of an additional per centum upon all taxes, etc., under the provisions of the act of December 9, 1898, quoted above. Plaintiffs in error (the defendants in the court below) insist that this act of 1898 is unconstitutional, but did not make this attack in the court below; and consequently this court will not pass upon the constitutionality of the act. The petitioner did insist that to give a certain construction to the act would render the act unconstitutional, but in the same paragraph insisted that this is not the right construction; and a contention like this is not an attack upon the constitutionality of the act. When the act of 1898, cited above, is construed in connection with the statute which we have cited and which prohibits the collection of interest when a penalty

is imposed, we are clear that interest could not be collected on the tax executions here; and the court properly granted the injunction.           *Judgment affirmed. All the Justices concur.*