WILSON *et al. v.* DUNN, commissioner, *et al.*

HILL, J. 1. Where a paper (or petition) signed by certain citizens of a county was filed with the ordinary, asking that he call an election to be held under the Civil Code, §§ 1535 et seq., for the purpose of voting on the question of local taxation for public schools in a certain school district in the county, and the election was held, the calling of the election determined, at least prima facie, that all the jurisdictional facts

required by law for such purpose were made to appear, and that the petitioners were of a sufficient number as required by statute in such cases. *Vornberg* v. *Dunn*, 143 *Ga.* 111 (84 S. E. 370). And where, on the hearing of an equitable petition in the superior court, which averred the want of jurisdictional facts presented to the ordinary before calling the election, as one ground why an injunction should be granted to prevent the collection of the tax, it did not affirmatively appear from the evidence that such jurisdictional facts were wanting before the ordinary called the election, but on the contrary that such facts did exist, it was not error to refuse to grant an injunction on this ground.

2. Where it appeared, on the trial of such a case as stated in the preceding note, that the superintendents of the election were administered the oath required by law in such cases, before the election was held by them, it is not cause for an injunction against the collection of a local school tax authorized by the election that a jurat was not attached to the form of oath taken.

3. Where a petition prayed the ordinary of a county to call an election in "Union District" for the purpose of voting on the question of local taxation for public schools, and an election was ordered and held, and the return of the managers of the election showed that it was held at "Union School House," and that two thirds of those voting at such election voted in favor of local taxation for public schools, such petition and return, when construed in connection with the parol evidence that the election was held in "Union District," will be held to sufficiently show that the election was held in Union District. Especially is this true, where the petition for injunction alleged that the election was held "in the Union School District."

4. The petition alleged that an election was held, but that the ordinary did not declare the result as being in favor of local taxation, and that the tax levied against petitioners is therefore void. On the interlocutory hearing it was not error to refuse an injunction, where parol evidence of the ordinary and one of the managers of the election, who delivered the returns to the other managers, tended to show that more than two thirds of the qualified voters in the school district voted at the election in favor of local school taxation, and that the returns thereof were duly made to the ordinary of the county, who formally declared that the election had resulted in favor of local taxation for public schools, but the ordinary failed to enter the returns on the minutes of his court, for the reason that he did not consider that the law required it, and in pursuance of the declared result the ordinary notified the trustees of the school that the election had resulted in favor of local school taxation, and the latter levied and collected for that purpose school tax in the district for four years preceding the application for injunction, and the school was thus maintained.

5. Where an election was called by the ordinary to be held in a local school district for the sole purpose of ascertaining whether or not two thirds of the qualified voters were in favor of local school taxation, and the superintendents of such election combined the election on the question of local taxation with an election for trustees of the school district, and one or more of the managers of the election were elected as such trustees, such election was irregular, but it will not ipso facto invalidate the

election as to the question of taxation in the school district, the validity of the election of the trustees not being in question. But after the lapse of four years, during which time the complainants have remained silent and paid their taxes in support of the school, such election can not be thus attacked. *DeLoach* v. *Newton*, 134 *Ga.* 739 (3), 742 (68 S. E. 708, 20 Ann. Cas. 342); *Dobbs* v. *Hardin*, 137 *Ga.* 191 (73 S. E. 582).

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

APRIL 16, 1915.

Petition for injunction. Before Judge Hammond. McDuffie superior court. December 4, 1914.

*E. P. Davis,* for plaintiffs.

*Ira E. Farmer* and *J. B. Burnside,* for defendants.