### RAY et al. v. SWAIN, commissioner, etc., et al.

GILBERT, J. A petition signed by nineteen qualified voters of Ebenezer school district, Warren county, requesting that an election be held in that district for the purpose of supplementing the public-school tax by an extra tax levy in said district was presented to the ordinary of said county. The following entry was made upon the petition: "Georgia, Warren County, June 27, 1916, P. M. Hill, Ordinary." Notices were posted as required by law, bearing date June 19, 1916, and purporting to be signed by the ordinary. An election was held in said district on the fifteenth day of the next month. The return showing the result of the election to be in favor of the tax was filed in the office of the ordinary and marked "Approved July 17, 1916." No order of the ordinary calling the election was found in the office of the ordinary or produced at the trial, and it was agreed by the parties that the records of the office contained no mention of such an order. Plaintiffs filed a petition in the superior court, seeking to enjoin the assessment, levy, and collection of the tax, on the grounds: (1) That the election was void, because held within less than twenty days from the receipt of the petition by the ordinary, whereas the law requires that the election be held not less than twenty nor more than sixty days from the receipt of such petition. (2) That the petition did not show on its face that it contained the signatures of one fourth of the qualified voters of the district; and this fact is jurisdictional and can not be supplied by aliunde evidence; and the court erred in receiving such evidence over appropriate objection. (3) That it did not appear from legal evidence that the ordinary had ever issued any order calling the election; and this fact could not be shown aliunde, but must be shown from the records. Evidence was admitted, over objection, tending to show the issuing of such an order, the ordinary whose duty it was to order an election having died prior to the bringing of this proceeding. Held:

1. The entry on the petition does not necessarily show the date of the receipt of the petition by the ordinary. The burden of showing that the election was held within less time than twenty days from the receipt of the petition by the ordinary was upon the plaintiffs. The admission by the court of aliunde proof on the part of the defendants as to this issue was not harmful to the plaintiffs, and is not cause for reversal.

2. The burden is upon the plaintiffs, after such an election has been held, to show that the requisite one fourth of the qualified voters did not petition the ordinary. *Wilson* v. *Dunn,* 143 *Ga.* 361 (85 S. E. 198). The admission of aliunde proof of this fact by the defendants was not, in view of the above ruling, prejudicial to the plaintiffs in error, and therefore is not cause for reversal.

3. A valid order calling an election of the character indicated above is essential to the holding of a legal election for a tax levy. The plaintiffs, having shown that such order was neither of file in the ordinary's office nor recorded therein, made a prima facie case; and the defendants having failed to show the contrary by legal evidence, the court erred in rendering a judgment refusing to restrain the assessment, levy, and collection of the tax. Cooley on Taxation (3d ed.), 569, 573, 578, 579.

4. The evidence of third persons, who testified to the sayings of the deceased ordinary in regard to his intention to issue such an order, was hearsay and inadmissible; and the presumption that such public officer did his duty is not sufficient to establish a vital jurisdictional fact. *Roberts* v. *Murphey,* 144 *Ga.* 177 (86 S. E. 545); Cooley on Taxation (3d ed.), 447, 448; Throop on Public Officers, §§ 558, 560; Cleveland etc. R. Co. *v.* Randle, 183 Ill. 364 (7) (55 N. E. 728). Compare *Dooly* v. *Fairmount,* 146 *Ga.* 689 (2), 691 (92 S. E. 209).

*Judgment reversed. All the Justices concur, except Fish, C. J., absent, and Atkinson and George, JJ., dissenting.*

No. 613.  JUNE 15, 1918.

Petition for injunction.  Before Judge Walker.  Warren superior court.  September 12, 1917.

*L. D. McGregor,* for plaintiffs.

*M. L. Felts* and *John P. Wilhoit,* for defendants.

GEORGE, J., dissenting.  The petitioners sought to restrain the assessment, levy, and collection of a local school tax, upon the ground that the election was void for three reasons specially pleaded.  The injunction was denied, and the petitioners excepted. In the majority opinion it is ruled that two of the contentions advanced by petitioners in the court below show no cause for reversal of the judgment denying the injunction.  The writer concurs in this conclusion, and is further of the opinion that there was no abuse of discretion, under the evidence in the record, in refusing the injunction upon the third and last contention advanced by the petitioners.  The contention was that the ordinary had never issued an order calling the election, and that aliunde evidence was

inadmissible to show the issuance of such order by the ordinary. The plaintiffs, having alleged that no order had in fact been issued by the ordinary calling the election, assumed the burden of showing the truth of this allegation. They relied upon the proof that no such order was of file in the office of the ordinary nor of record in that office, and such other facts as appear in the opinion of the majority. In rebuttal the evidence for the defendants in error showed, without dispute, that the ordinary died shortly after the holding of the election and the filing of the returns with him. His relatives and other interested parties had access to the ordinary's office, and the papers and records in his office were in a state of great confusion. The parties had made search in the office for other papers and records, and many of the official papers in the office were misplaced therefrom and did not appear of record. The petition signed by the qualified voters of the school district, requesting that an election be held in said district for the purpose of supplementing the public-school tax, was presented to the ordinary. After this petition had remained of file in his office the requisite number of days, the ordinary himself, in connection with the matter officially before him, stated that the order calling the election was being granted, and handed to the parties at interest a written notice calling the election. This notice was as follows: "Election Notice. Georgia, Warren County. Notice is hereby given, that, by virtue of an order by the Ordinary of said county and a legal petition of one fourth of the legal voters thereof, an election will be held on the 15th day of February, 1916, at and for the Ebenezer School District, under section 1535 of the Code of Georgia, for the purpose of ascertaining whether or not that the legal voters desire to supplement the public-school fund for school purposes or not. Those favoring local taxation for public-school purposes shall vote FOR local taxation for public school, those opposed shall vote AGAINST local taxation for public school. This notice is to be given in three or more conspicuous places in said school district ten days before said election. This June 19, 1916. P. M. Hill, Ordinary." In the opinion of the writer there is a presumption that the ordinary did his duty. This presumption is reinforced by such proceedings as were of record in his office. The election was in fact held, and the requisite number of qualified voters of the district expressed their assent as provided by

law. The ordinary affirmatively approved the returns of the election. Against the presumption that an order was passed calling the election is opposed the bare inference based upon the absence of such order of file or of record in the office of the ordinary more than a year after the election was held. The notice issued by the ordinary recites all of the necessary jurisdictional facts, and is itself sufficient as an order calling the election. Under all the facts appearing in the record, it should not be held that the judge of the superior court erred in finding that an order was in fact passed by the ordinary calling the election. It is certainly true that if an order were in fact passed, the failure of the ordinary to preserve and to record it would not invalidate the election held in pursuance thereof. Mere hearsay evidence tending to show that the order calling the election was passed is of course objectionable; but the evidence in this record amounts to more than mere hearsay. The officer who was required by law to issue the order calling the election, upon conditions which, according to the ruling of the majority, had been complied with, and in connection with the calling of the election, either prepared or caused to be prepared the notice set out above and handed it to the parties at interest for the purpose of being posted, coupled with the statement that he was calling the election. Evidence of this statement by the ordinary, under the circumstances of the case, can not be classed as hearsay, but is strongly corroborative of the general presumption that the officer in fact did his duty and that an order was issued by him. Whether the judge of the superior court might have found that no order was in fact passed is a different question. The judge found that such order was issued, and in so doing was authorized by the law and evidence.