### DAVIS *et al. v.* ORLAND CONSOLIDATED SCHOOL DISTRICT *et al.*

BECK, P. J. 1. The court did not err in overruling the demurrer filed by the intervenors to the amended petition and answer.

2. Assignments of error to which no reference is made in the brief of the plaintiff in error will be treated as abandoned.

3. It is contended that the act under which the election was held, is illegal and void, and that the bonds cannot be validated, for the reasons: (*a*) said act does not provide how or in what manner money to pay off the bonds shall be raised; (*b*) said act does not specify the property upon which nor the territory within which a tax for that purpose shall be levied; (*c*) said act does not vest in any person or persons authority to issue, sell, and dispose of the bonds, nor to levy and collect a tax for their liquidation. This contention appears to be without merit, upon consideration of the act of 1919 (Acts 1919, pp. 288, 349), known as the "code of school laws." Section 143 of the act of 1919 provides: "When one fourth of the registered qualified voters of a school district, *consolidated district*, or county, in which a local tax is now or may hereafter be levied for school purposes, or of a district in a county now levying a local tax, shall be filed with the board of trustees, or board of education of such a school district, consolidated district, or county, a petition asking for an election for the purpose of determining whether or not bonds shall be issued for the purpose of building and equipping a school house or houses for said school district, *consolidated district*, or county, the required number of petitioners to be determined by the said board of trustees, or board of education, it shall be the duty of said board of trustees, or board of education, to fix the amount, denomination, rate of interest, and dates when due, and call such election in terms of law now provided for a county issue of bonds. . . The said board of trustees, or board of education, in case the election is for a bond issue, shall follow the law as required of county authorities as embodied in section 440 et seq. of the Code of 1914, volume 1, in the issue thereof." Section 442 of Civil Code (1910) provides: "When said notice is given and said election held in accordance with the preceding section, if the requisite two thirds of the voters of the county, municipality, or division at said election vote for bonds, then the authority to *issue* the bonds in accordance with paragraphs 1 and 2, section 7, article 7 of the Constitution is hereby given to the *proper officers* of said county, municipality, or *division.* Section 145 of the act of 1919 provides: "The county authorities, in levying and assessing taxes for the purpose of paying the interest and returning and paying off said bonds, shall, in the event that the entire county is not embraced within the area or territory in which said election is held, levy and assess such taxes *only against the property located within the area or territory* within which said election is held. For the purpose of taking care of the expense of these bonds for districts, consolidated districts, or county, the board of trustees or board of education shall recommend and the board of commissioners shall levy

a tax not to exceed five mills on the school district, consolidated district, or county, as the case may be."

4. It is contended that there is no evidence of the fact that one fourth of the qualified voters petitioned the ordinary to call the election for bonds. After such election has been held the burden is upon those attacking its validity to show that a proper petition was not presented, and intervenors in this case failed to establish their contention. *Wilson* v. *Dunn,* 143 *Ga.* 361 (85 S. E. 198); *Ray* v. *Swain,* 148 *Ga.* 203 (2) (96 S. E. 209).

5. The evidence submitted to the court as to whether or not there was the requisite number of qualified votes in favor of the issuance of bonds is, without contradiction, to the effect that there were one hundred and twelve registered qualified voters in the district; that sixty-eight voted in favor of bonds and three voted against bonds. This evidence was sufficient to support the judgment of validation.

(a) Some of this evidence was objected to and error was assigned on its admission, but there is no reference in the brief of plaintiff in error to these assignments of error, and accordingly they will be considered as abandoned.

6. Where an election is held on the question of issuing bonds, as in the present case, on the 9th day of a given month, and it is proposed that such bonds, if issued, are to be dated on the first day of the same month and shall bear interest from date at the rate of six per cent. per annum, and are to be paid off within thirty years, the fact that the bonds bear date eight days previous to the date of the election affords no reason why said bonds should not be validated.

7. Where an election for bonds was held on the 9th day of July, 1920, and it is proposed that all of said bonds shall be paid off and retired on the first day of July, 1950, the fact that said bonds are dated July 1st, 1920, will not make said bonds void on the ground that their issuance is not in conformity with paragraph 2, sec. 7, art. 7 of the constitution of Georgia (Civil Code, § 6564), which provides as follows: "Any county, municipal corporation, or political division of this State, which shall incur any bonded indebtedness under the provisions of this constitution, shall, at or before the time of so doing, provide for the assessment and collection of an annual tax, sufficient in amount to pay the principal and interest of said debt within thirty years from the date of the incurring of said indebtedness." It is not necessary under the constitution that provision for the payment of such indebtedness shall be made until "at or before" the liability is created, and such provision need not be made before the application for validation. *Epping* v. *City of Columbus,* 117 *Ga.* 263 (12) (43 S. E. 803).

8. All other assignments of error not specifically dealt with are either abandoned or are without merit.

*Judgment affirmed. All the Justices concur.*

No. 2216. SEPTEMBER 15, 1921.

Validation of schoolhouse bonds. Before Judge E. D. Graham. Treutlen superior court. August 16, 1920.

The solicitor-general of the Oconee Circuit filed a petition seeking the validation of bonds to the value of twenty thousand dollars, proposed to be issued by Orland Consolidated School District, Treutlen County, the proceeds to be used for the purpose of building and equipping a schoolhouse in said district. The petition recited that a petition bearing the signatures of more than one fourth of the registered qualified voters of the district requesting that an election be held to determine whether the bonds should be issued was presented to the board of trustees of said school district; that the board provided by proper resolution for the holding of the election, and caused notice to be published in the newspaper in which the advertisements of the sheriff of the county are carried, in full compliance with the law relating thereto; that the election was duly held; that the returns and tally-sheets of said election, properly certified and presented to the board of trustees, showed that of the one hundred and twelve registered qualified voters in said district sixty-eight of seventy-one ballots cast in said election were favorable to the issuance of the bonds; that this number constituted a majority of the registered voters in said district and more than two thirds of the total number of votes polled; that said board of trustees had in writing personally notified the solicitor-general of the facts above stated, and that the petition for validation was filed within twenty days from the date of the service of such notice. An answer was filed by Orland Consolidated School District, which admitted all the allegations of the petition for validation, and averred that the district had no outstanding bonded indebtedness; that the total assessed value of property in the district amounted to $326,117; and that the proposed issue of bonds would be within the constitutional limitation upon the debt which could be created by the district.

It is shown by the petition for validation that the election was held July 9th. There appears in the record a copy of a resolution adopted by the board of trustees, dated July 10th, 1920, providing that notice in writing of the result of the election be forthwith given to the solicitor-general, and that he be requested to institute proper proceedings for the purpose of procuring the validation of the bonds. The petition for validation was filed on August 3rd, 1920, and it alleged that notice in writing of the result of the election was by the board of trustees served upon the solicitor-general

personally on July 23rd. Certain taxpayers intervened and demurred to the petition for validation and the answer thereto, upon the grounds: (1) because the petition failed to show the date of service upon the solicitor-general of written notice of the result of the election; (2) because the petition and answer are defective, in that they fail to show or have attached the list of voters used in said election or the list of qualified voters of said district, and in that they fail to show the order of the trustees of said district calling said election, and in that they fail to show the tally-sheets of said election, and also fail to show an order organizing said Orland School District; (3) that said petition and answer are insufficient in that they fail to show the facts necessary to authorize the validation of said bonds. The demurrer was overruled; and the intervenors then filed a plea denying all the material allegations of the petition, and objecting to the validation of the bonds, on the grounds: (1) That the order and notice calling said bond election is insufficient, for the reasons: (*a*) It fails to name the dates and years interest payments are to be made, and fails to show the amount of interest to be paid annually or semi-annually. (*b*) It provides that the proposed issue of bonds shall bear date July 1, 1920, and shall bear interest from that date, which date was prior to the holding of the election. (2) That said bonds cannot be legally validated and issued, for the reason that the call for election and notice thereof does not provide for the payment of the bonds within thirty years. (3) That the petition for validation of said bond issue shows that it was not filed in the clerk's office of Treutlen superior court within twenty days from the date that notice in writing of said election was served on the solicitor-general. (4) That the election and the act under which it was held are illegal and void, and that the bonds cannot be validated, for the reasons: (*a*) said act does not provide how or in what manner money to pay off the bonds should be raised; (*b*) said act does not specify the property upon which nor the territory within which a tax for that purpose shall be levied; (*c*) said act does not vest in any person or persons authority to issue, sell, and dispose of the bonds, nor to levy and collect a tax for their liquidation.

Upon these pleadings the matter proceeded to trial; and after hearing the evidence the court entered a judgment validating the

,bonds.   There are assignments of error on the overruling of objections to evidence, but there is no mention of these in the brief for the plaintiffs in error.

*W. J. Wallace,* for plaintiffs in error.

*W. A. Wooten, solicitor-general, A. C. Saffold, N. L. Gillis Jr.,* and *Will Stallings,* contra.