SANDERS *et al.* v. MASON, ordinary, *et al.*

No. 14797.   APRIL 6, 1944.

*Clint W. Hager* and *J. F. Kemp,* for plaintiffs.

*E. S. Ault, J. B. Edwards,* and *C. C. Bunn,* for defendants.

WYATT, Justice. (After stating the foregoing facts.) The bill of exceptions contains thirteen assignments of error. The attorneys for the plaintiffs in error in their brief have conveniently grouped these assignments into six separate divisions, and they will thus be considered.

It is contended that the trial court committed error in admitting in evidence a certificate of the tax collector, certifying that the petitions presented to the ordinary contained more than thirty-five per cent. of the registered, qualified voters of Polk County. The plaintiffs had introduced the petitions in evidence. The testimony disclosed that the certificate was filed with the ordinary along with

the petitions. If for no other reason, the certificate was admissible as a part of the record on file with the ordinary. The tax collector, who was also clerk of the board of registrars, testified that the petitions did contain the names of more than thirty-five per cent. of the registered, qualified voters of Polk County, which was to the same effect as the certificate. The admission in evidence of this certificate is not cause for reversal.

■ The next assignment of error complains that, while the petitions purported to contain more than thirty-five per cent. of the registered, qualified voters, as a matter of fact they contained less than this number. Plaintiffs offered as a witness a certified public accountant, who testified that, according to his check of the lists, the petitions contained less than thirty-five per cent. of the registered voters. The tax collector, who was also clerk of the board of registrars, testified positively to the effect that the petitions did contain more than thirty-five per cent., and his testimony was based on his own check of the registration lists. He explained that the certified public accountant had reached his conclusion because in some instances certain persons in registering had used their initials instead of their given names, and in signing the petitions had used their given names; that married women, in some instances, had registered by giving the initials of their husbands, and had signed the petitions in their given names. The certified public accountant in making his audit omitted such names in calculating the number of persons signing the petitions for the reason that he was unfamiliar with the names of the people, as well as the people themselves, in the county. The tax collector, who, according to the evidence, knew the voters who had registered and signed the petitions and was familiar with their names, being so informed, was able to determine whether the names on the petitions were those of persons who were registered, qualified voters. "The calling of the election by the 'ordinary,' as authorized by the statute, determined at least prima facie that the petitioners were of the class and were of a sufficient number as required by the statute for the purpose of calling an election at which the question of the removal of the county-site to a named town within the county should be voted upon." *Vornberg* v. *Dunn,* 143 *Ga.* 111 (2) (84 S. E. 370). See also *Wilson* v. *Dunn,* 143 *Ga.* 361 (85 S. E. 198); *Ray* v. *Swain,* 148 *Ga.* 203 (96 S. E.

209); *Davis* v. *Orland Consolidated School Dist.*, 152 *Ga.* 76 (108 S. E. 466). The discretion of the trial judge in determining this issue of fact, which was supported by the evidence, will not be disturbed.

■ In several of the special assignments of error complaint is made that the evidence demanded a finding that the ordinary called the election and declared the result thereof without investigating, checking, and knowing whether the petitions presented to him for the purpose of calling the election contained genuine and authentic signatures of registered, qualified voters, or whether the petitions contained the requisite number of such voters. Since, as above pointed out, the action of the ordinary, pursuant to the presentation of the petition, in calling and declaring the result of the election determined prima facie that the petitions contained a sufficient number of names of the registered, qualified voters, what the ordinary did preparatory to taking the action required of him by the statute (Ga. Code Ann., § 58-1010a), is of no consequence. "Where a petition has been acted upon and an election ordered by the designated authorities, the presumption is that the petition was in due and legal form and that it was signed by the requisite percentage of the qualified voters, and in the absence of any evidence to the contrary, that presumption is sufficient." 33 C. J. 624. *Vornberg* v. *Dunn*, supra. These assignments are wholly without merit.

■ Complaint is made because, as contended, "The purported petition filed with defendant was not one integral petition but contained fifty-two separate and distinct petitions." The petitions were identical, except one, which was addressed to "Clifford G. Mason, Ordinary, Polk County, Georgia." All others were addressed to "L. H. Smith, Ordinary, Polk County, Georgia." The evidence disclosed that Smith died during the time when the petitions were being prepared and circulated, and was succeeded by Clifford G. Mason, the defendant. The petitions were circulated, apparently for convenience, in the different militia districts by different individuals. Nothing in this procedure appears irregular, illegal, or contrary to the terms of the statute providing the manner and method of calling the election.

■ Further complaint is made because, as contended, the names appearing on the petitions filed with the ordinary were not placed

thereon in the time contemplated by law. In Chapter 58-10 of the Georgia Code Annotated (Ga. L. Ex. Sess., 1937-38, pp. 103, 104), legal machinery is provided whereby the counties of the State may legalize and control alcoholic beverages and liquors, and for that purpose, § 58-1003 provides that the ordinary of any county, upon petition of thirty-five per cent. of the registered, qualified voters, qualified to vote at the general election immediately preceding the presentation of the petition, shall call a special election to be held at a stated time and in a stated manner. While § 58-1010a provides in part that, in any county where legalization and control has been voted, "the ordinary of such county shall, upon petition signed by at least thirty-five per cent. of the registered, qualified voters of said county," call another election for the purpose of nullifying the previous election. It is contended that the registered, qualified voters here referred to must also be registered and qualified to vote at the general election immediately preceding the presentation of the petition, although such requirement is not set out in that particular section, as in § 58-1003. There is the further contention that the last general election was held in August, 1943, and that the evidence disclosed that some, if not all, of the names were subscribed to the petitions before the last general election, and for this reason the petition did not conform to the terms of the statute. Conceding that the voters signing the petition referred to in § 58-1010a must be registered and qualified to vote at the general election immediately preceding the presentation of the petition, as we have pointed out in another division of this opinion, the action of the ordinary, as a result of the petition having been filed with him, in calling an election and declaring the result thereof, determined prima facie that the requirements of the statute providing for the calling of such an election had been complied with in due and legal form. This was nothing more nor less than a rebuttable presumption that the ordinary had properly performed the duties required of him by the statute. Thus the burden was upon the plaintiffs to sustain their attack on the validity of the petition to the ordinary. The only evidence bearing on this point, called to our attention, is that some of the petitions containing the names of voters were addressed to "L. H. Smith, Ordinary, Polk County," who, according to the record, died in February, 1943, and was succeeded by the defendant herein, to

whom the other petitions were addressed. This alone, in the absence of any evidence showing when the signers of the petition subscribed their names thereto, or that such signers were not in fact registered, qualified voters at the general election preceding the presentation of the petition, was insufficient to carry the burden imposed on the plaintiffs.

It is contended that the statute, under which the election was called and held, as set out in Ga. Code Ann., § 58-1010a, is unconstitutional since no provision is made for any right of appeal or any right to contest any election held thereunder, and also that it is so indefinite that any proceeding thereunder amounts to taking the plaintiffs' property without due process of law. The law under which the plaintiffs were granted their licenses as retail liquor dealers provides: "Nothing in this act contained shall be construed as giving any person a right to sell spirituous liquors as herein defined, but the manufacture, sale and distribution of spirituous liquors is declared to be a privilege in this State and not a right." Ga. L. Ex. Sess., 1937-38, p. 121, sec. 19 (Ga. Code Ann., § 58-1068). The General Assembly in 1941 amended the act above referred to by providing that, "In any county which has at any time held an election in accordance with the provisions of this act resulting in the majority of the votes being cast in favor of taxing, legalizing and controlling alcoholic beverages and liquors, and the manufacture, distribution and sale of same in such county, the ordinary of such county shall, upon a petition signed by at least thirty-five per cent. of the registered, qualified voters of said county, proceed to call another election in the same manner as hereinbefore provided in this section, for the purpose of nullifying the previous election. However, no such election shall be called or had within two years after the date of the declaration of the result by the ordinary of the previous election had for such purpose under this act." Ga. L. 1941, p. 199 (Ga. Code Ann., § 58-1010a). When the plaintiffs qualified as retail dealers, they accepted the privilege charged with the knowledge that the General Assembly was empowered to provide the same procedure of withdrawing the privilege which it had employed to grant it. In *Menken* v. *Atlanta,* 78 *Ga.* 668 (4) (2 S. E. 559), it was held that "The local option legislation of this State being constitutional as a valid exercise of the police power, it follows that the incidental

effects upon the value of property, such as a brewery and its fixtures, resulting from the inability of the owners to adjust their old business to the new law, is damnum absque injuria. The law does not take or damage their property for the use of the public, but only prevents them from taking or damaging the public for their use." See also, in this connection, *Harbin* v. *Holcomb*, 181 *Ga.* 800 (184 S. E. 603). The law assailed is not unconstitutional for any of the reasons advanced.

Under the foregoing views, there was no error in refusing to grant the injunction.

*Judgment affirmed. All the Justices concur.*