BROCKETT *v.* MAXWELL, ordinary.

DUCKWORTH, Justice. 1. The amended petition prays only that the ordinary be enjoined from holding an election on the question of nullifying, and declaring the result thereof, under the act of 1941 (Ga. L. 1941, p. 199, Code, § 58-1010a, Ann. Supp.) a previous election on the question of taxing and controlling alcoholic beverages and liquors in

Decatur County, and from performing certain acts preliminary to the election, and for general relief; and, it being conceded by both parties that the election has been held on the question of nullification and the result declared, a reversal of the judgment sustaining the general demurrer to the amended petition would be ineffectual, and hence the case has become moot, and the motion to dismiss the writ of error on this ground must be sustained. *Bond* v. *Long*, 133 *Ga.* 639 (66 S. E. 778); *Clements* v. *Wilkerson*, 151 *Ga.* 467 (107 S. E. 47); *Waldron* v. *Atlanta*, 167 *Ga.* 620 (146 S. E. 318); *Smith* v. *Jeffries*, 188 *Ga.* 649 (4 S. E. 2d, 637); *Abernathy* v. *Dorsey*, 189 *Ga.* 72 (5 S. E. 2d, 39).

2. The decision in *Sanders* v. *Mason*, 197 *Ga.* 522 (29 S. E. 2d, 780), does not conflict with the above ruling. There the prayers included a prayer that the ordinary be enjoined from declaring the results of the election and from putting them into effect. It did not appear that he had performed either of these acts, although the election had been held.

3. Nor does the prayer for general relief prevent the case from becoming moot. Only such relief as is germane to the relief prayed for can be granted under the general prayer. *Matson* v. *Crowe*, 193 *Ga.* 578 (4) (19 S. E. 2d, 288).

*Writ of error dismissed. All the Justices concur.*

## ON MOTION FOR REHEARING.

DUCKWORTH, Justice. The motion for rehearing filed by the plaintiff in error contends that the decisions cited in support of the ruling in paragraph 1 of the syllabus, being cases where the judgments complained of were denials of the relief sought, are not authority for and do not sustain our ruling. It is contended that, since the judgment here under review was one dismissing on demurrer the amended petition for injunction it presents a question materially different from that where the exception is to a ruling denying the relief sought. That which renders a case moot is the occurrence of the thing which it is sought to prevent. The ruling excepted to, whether on the evidence or on the pleadings, in no wise affects the question of mootness. When this rule is recognized it becomes obvious that the occurrence of the thing sought to be enjoined renders the case moot for precisely the same reason in cases like the present one, where the exception is to a dismissal of the petition on demurrer, and in cases where the exception is to a denial of an interlocutory injunction. It is clear, therefore, that, since the happening of the thing which the petition seeks to prevent renders the case moot, it is moot without regard to whether an interlocutory injunction has been denied or a demurrer has been sustained to the petition. It follows that the cases cited support the ruling made. Furthermore, in *Wise* v. *Sims*, 182 *Ga.* 857 (187 S. E. 102), this court was dealing with a question where the exception was to a judgment dismissing on demurrer a petition for injunction to prevent the holding of an election, and it was held that, since it appeared that the thing sought to be prevented by injunction had occurred, the case was moot, and the writ of error was dismissed.

The movant quotes that portion of paragraph 1 wherein it is said that the amended petition prays only that the ordinary be enjoined from holding the election and declaring the results, and then asserts that this court thereby erroneously stated the relief prayed for and overlooked the prayer of the amendment seeking to enjoin the ordinary from furnishing ballots for the election. The quoted portion of the syllabus states only a part of the sentence wherein the prayers of the amended petition are stated. Further on in the same sentence additional prayers are referred to as follows: "and from performing certain acts preliminary to the election, and for general relief." Instead of specifically stating, as the prayer of the amendment does, that the ordinary be enjoined from furnishing ballots for the election, we stated that the prayer was that she be enjoined "from performing certain acts preliminary to the election." It is difficult to understand how our statement fails to include the amended prayer or is less favorable to the petitioner than the literal verbiage of the amended prayer. Furthermore, if the election has been held, it would be useless now to enjoin the ordinary from furnishing ballots for holding such election. The portion of the case seeking to enjoin the furnishing of ballots for the election became moot when the election was held, and this amended prayer constitutes no legal argument against our dismissal of the writ of error.

The movant strongly challenges the correctness of paragraph 2 of the syllabus wherein it is stated that the decision in *Sanders* v. *Mason*, 197 *Ga.* 522, does not conflict with our ruling, it being prayed in the *Sanders* case that the ordinary be enjoined "from declaring the results of the election and from putting them into effect." The movant asserts that an examination of that case does not disclose that there was a prayer that the ordinary be enjoined "from putting them into effect." To support this assertion the movant quotes from pages 523, 524 in the *Sanders* case, as follows: "They prayed that the defendant be enjoined from holding the election and from declaring its results, and for general relief." The movant asserts that the prayer in that case was identical with the prayer in the present case. The two sentences immediately following the movant's quotation from the *Sanders* case state that on November 18, 1943, the petition was amended and in the amendment it was prayed that the election be declared null and void and that the defendant "be enjoined from putting the election or its results into force and effect." This amended prayer supports the challenged statement in the opinion that the ordinary "be enjoined from declaring the results of the election and from putting them into effect."

The movant denies the correctness of the statement in paragraph 1, "it being conceded by both parties that the election had been held on the question of nullification and the result declared." In this connection the movant asserts that "in the instant case it nowhere appears anywhere in the record that the ordinary ever declared the result of the election. It does not appear in the application for supersedeas. It has at no time and at no place been conceded." This movant filed in the Supreme Court on July 5, 1945, an application for a supersedeas

to supersede the judgment now excepted to. Paragraph 7 of that application is as follows: "Notwithstanding the effort of the trial judge in his order to preserve and protect the rights of the applicant, he is apprehensive that since the thing he was attempting to prevent by injunction, to wit, the holding of the election and declaring the results, has already occurred, the question raised by the writ of error will become moot unless the judgment is superseded." This quoted language is a plain statement of this movant that the question raised by the writ of error will become moot for the reason that the thing he sought to prevent by injunction, to wit, the holding of the election and the declaring of results, "has already occurred." This statement of a fact, made in pleadings filed in this court, constitutes a showing by the record that the results of the election had been declared. By this paragraph the movant conceded that the election had been held and the results declared. The motion of the defendant in error to dismiss the writ of error states that the results of the election have been declared. In view of the quoted portion of the record, it is difficult to see how the movant can find grounds for complaining of our statement that both parties conceded that the election had been held and the results declared.

No. 15267. OCTOBER 4, 1945. REHEARING DENIED NOVEMBER 16, 1945.

*A. B. Conger,* for plaintiff. *Vance Custer,* for defendant.