WILLIAMS Ordinary, *et al. v.* GOULD *et al.*

No. 16002.   NOVEMBER 14, 1947.

*Deal & Anderson, John F. Brannen,* and *Fred T. Lanier,* for plaintiffs in error.

*W. G. Neville,* contra.

JENKINS, Chief Justice. This case is largely controlled by the rulings of this court in *Sanders* v. *Mason,* 197 *Ga.* 522 (29 S. E. 2d, 780). In that case there were fifty-two separately circulated petitions. In this case there were several circulated petitions,

but the majority of the names were signed to individual petitions asking in legal terms that the election be called, but signed by one individual registered voter, and all of the petitions were pasted on a roll in one consolidated petition presented to the ordinary. The law as to such petition, as embodied in § 58-1010 (a) of the Code, Annotated Supplement, provides as follows: "In any county which has at any time held an election in accordance with the provisions of this Chapter, resulting in the majority of the votes being cast in favor of taxing, legalizing, and controlling alcoholic beverages and liquors, and the manufacture, distribution, and sale of same in such county, the ordinary of such county shall, upon a petition signed by at least 35% of the registered qualified voters of said county, proceed to call another election in the same manner as hereinbefore provided, for the purpose of nullifying the previous election; however, no such election shall be called or had within two years after the date of the declaration of the result by the ordinary of the previous election had for such purpose under this Chapter." This provision of law does not provide for any attestation of the signatures to the petition; and it appears to be the duty of the ordinary to make a ruling, which is prima facie binding, as to the class and sufficiency of the signatures and as to their validity. In the *Sanders* case this court said. "In several of the special assignments of error complaint is made that the evidence demanded a finding that the ordinary called the election and declared the result thereof without investigating, checking, and knowing whether the petitions presented to him for the purpose of calling the election contained genuine and authentic signatures of registered, qualified voters, or whether the petitions contained the requisite number of such voters. Since, as above pointed out, the action of the ordinary, pursuant to the presentation of the petition, in calling and declaring the result of the election determined prima facie that the petitions contained a sufficient number of names of the registered, qualified voters, what the ordinary did preparatory to taking the action required of him by the statute, is of no consequence. 'Where a petition has been acted upon and an election ordered by the designated authorities, the presumption is that the petition was in due and legal form and that it was signed by the requisite percentage of the qualified voters, and in

the absence of any evidence to the contrary, that presumption is sufficient.' " Citing 33 C. J. 624; *Vornberg* v. *Dunn*, 143 *Ga.* 111 (84 S. E. 370). In the instant case, had there been evidence to show that a sufficient number of the signatures were actually forgeries or duplications, so as to bring the number below the 35% required, such a finding of fact would have authorized invalidating the petition calling for an election. However, the prayers for injunction in this case were based solely upon the alleged insufficiency in the form of the petition as presented to the ordinary, and the only evidence upon the hearing with respect to any irregularities in the signatures related to that of only four persons. It follows that—since a court of equity is not authorized to surmise or assume the invalidity of signatures regularly presented to the ordinary, and to enjoin such an officer from calling an election in the face of his prima facie determination as to the sufficiency of the consolidated petition as presented to him— the trial court erred in overruling the general demurrer entered by the ordinary to the petition seeking to enjoin him from calling an election upon the basis of such findings, and in entering an order permanently enjoining said ordinary as prayed.

*Judgment reversed. All the Justices concur, except Head, J., who dissents, and Wyatt, J., who took no part in the consideration or decision of this case.*