### 23817. TATE v. MORLEY.

CANDLER, Presiding Justice. Robert S. Morley, alleging himself to be a citizen, voter and taxpayer of the City of Atlanta brought quo warranto proceedings in the Superior Court of Fulton County against Dr. Horace E. Tate. His petition seeks to remove Dr. Tate from membership on the Board

of Education of the City of Atlanta representing the 7th Ward. It does not question his eligibility to hold such office. It alleges that he was elected to such office by the voters of the City of Atlanta in a general election which the city regularly held on the first Wednesday in December, 1965, for city officers, including the office Dr. Tate is holding. Petitioner predicates his right to the relief sought solely on the ground that the Atlanta City Executive Committee, a political organization or association created by Ga. L. 1933, p. 226, and charged with the duty of conducting primary elections for the selection of candidates for City of Atlanta public offices, including members of its board of education, permitted respondent to qualify as a candidate in the city's primary election of September 8, 1965, without paying an entrance fee and after the time for qualifying under its rules and regulations had passed, all of which was done by such executive committee pursuant to a ruling which Judge Durwood T. Pye made on August 17, 1965, in the case of Muskett v. Allen—a ruling which this court reversed on January 11, 1966. See *Allen v. Muskett*, 221 Ga. 665 (146 SE2d 782). The court overruled a general demurrer to the petition and after a hearing rendered a judgment ousting respondent from his office. From those judgments the respondent gave notice of appeal to this court. *Held:*

1. We think the petition was subject to general demurrer. It shows that Dr. Tate was elected to the office he holds in a general election which the city held at the proper time and place for the purpose of electing city officers, including a member of its board of education from the 7th Ward, and the petition makes no attack on the qualification of Dr. Tate to hold the office for which he was elected nor on the manner in which the general election at which he was elected was conducted. It is firmly established that objections to irregularities in the nomination of a candidate should be taken prior to election and it is too late to object after the nominee's name has been placed on the ballot and he has been elected to office; his election cannot be impeached on the ground that statutory requirements regarding nominations were not complied with in his case or that his nomination was procured by unlawful means. 29 CJS 408, § 141; 25 AmJur2d 834, § 143; *Hooper v. Almand*, 196 Ga. 52 (25 SE2d 778). In *Adair v. McElreath*, 167 Ga. 294, 316 (145 SE 841), it

was unanimously said: "Furthermore, we are of the opinion that the following statement of the law upon this subject is correct: 'All provisions of the election law are mandatory if enforcement is sought before election in a direct proceeding for that purpose; but after election all should be held directory only, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote, or to the ascertainment of the result, unless the provisions affect an essential element in the election, or unless it is expressly declared by the statute that the particular act is essential to the validity of an election or that its omission renders it void. Voters finding a ticket, or the names of candidates on the official ballot, are not required to determine whether they are entitled to a place thereon, but may safely rely on the action of the officers of the law, and on the presumption that they have performed their duty. And so an election in which the voters have fully, fairly, and honestly expressed their will is not invalid because the certificate of nomination of a successful candidate is defective through an omission of some detail.' 9 RCL 172, 173, § 161. 'Objections relating to nomination must be timely made; otherwise they may be regarded as waived. It is too late to make them after the nominee's name has been placed on the ballot and he has been elected to office; his election can not be impeached on the ground that statutory requirements regarding nomination were not complied with in his case, or that his nomination was procured by unlawful means.' 20 CJ 132, § 152." The petition in this case questions only the validity of the respondent's nomination, and applying the rule announced above, we hold it fails to state a cause of action for the relief sought. But even if it could be said in the circumstances of this case that Dr. Tate's nomination was contrary to the rules and regulations promulgated by the Atlanta City Executive Committee for holding primary elections, yet, where it affirmatively appears, as here, that he did in the general election which the city held for the purpose of electing a person to fill the office here involved, receive a majority of the votes which the electors cast for a person to fill such office, this court would not hold that he should be ousted from the office to which he was so elected.

2. Since the petition fails to state a cause of action for the relief sought, all subsequent proceedings taken in the case are nugatory.

*Judgment reversed. All the Justices concur.*

NOTE: The opinion in this case was prepared by Presiding Justice T. S. Candler before his retirement on December 31, 1966, and is presented to the court by Justice Undercofler with a recommendation that it be adopted.

ARGUED DECEMBER 14, 1966—DECIDED JANUARY 5, 1967—
REHEARING DENIED JANUARY 19, 1967.

*William H. Alexander, Howard Moore, Jr.,* for appellant.
*Edenfield, Heyman & Sizemore, William H. Major,* for appellee.

