## 28407. RENTZ et al. v. CITY OF MOULTRIE et al.

JORDAN, Justice. A petition was filed with the Mayor of Moultrie, Georgia, on March 19, 1973, seeking a special election to determine if a majority of those voting in such an election would be in favor of permitting the sale and distribution of alcoholic beverages and liquors in the City of Moultrie. The mayor, after verifying the signatures on the petition to insure that it contained the names of the required 35% of those eligible to vote in the preceding general election, issued a call for the special election to be held on May 16, 1973. Notice of the election was published in the County Gazette once a week for two weeks prior to the election, and the election was held as scheduled on May 16, 1973. The referendum passed by a slight majority, and the appellants then filed a petition in the Superior Court of Colquitt County asking that the court enjoin the City of Moultrie from legalizing, controlling and taxing alcoholic beverages and further to have the referendum declared null and void. After hearing evidence of certain irregularities in the calling of the election, the trial court ruled adversely to appellant's position, and it is from this ruling that appellant appeals. *Held:*

1. The heart of appellant's complaint is embodied in a construction of Code Ann. § 58-1003, as amended, which provides that upon a petition, signed by at least 35 percent of the registered voters qualified to vote at the general election immediately preceding the presentation of the petition, being filed with the mayor of any municipality, he shall call a special election to be held within 30 days from the filing of such petition, and shall publish the notice of the call of the election in the official gazette of the county once a week for two weeks preceding the election.

Appellant first argues that the petition presented to the mayor on March 19, 1973, did not contain valid signatures of the required 35 percent of the registered voters when presented. The fact that the mayor called the election determines at least prima facie that those signatures on the petition were of the class and were of sufficient number to comport with the requirement of the statute for the purpose of calling the election. *Committee for New Cobb County Revenue v. Brown,* 228 Ga. 364, 370 (185 SE2d 534); *Vornberg v. Dunn,* 143 Ga. 111 (2) (84 SE 370); *Williams v. Gould,* 203 Ga. 96, 98 (45 SE2d 218). The trial court determined that the appellant "failed to show by a preponderance of the evidence that there were less than thirty-five (35) percent of such qualified

voters who had signed the petition at the time same was filed with the mayor. . ." There is sufficient evidence in the record to support the trial judge's conclusion and in situations such as this the judgment of the trial court will not be disturbed. *Kennesaw Guano v. Miles & Co.,* 132 Ga. 763 (64 SE 1087); *Mallette v. Mallette,* 220 Ga. 401 (139 SE2d 322).

2. The appellant also contends that "The election was void as it was not held as required by Code Ann. § 58-1003 within 30 days after the filing of the petition with Mayor W. B. Withers." With this contention we do not agree. The appellants sat by and made no protest as to the timeliness of the election until after the votes were tallied and they found themselves in a losing situation. This court has made but one exception to the 30 day requirement, said exception being found in *Committee for New Cobb County Revenue v. Brown,* supra. In that case the election was delayed due to litigation prior to the casting of ballots, and we held that under such circumstances the litigation tolled the 30-day requirement, saying that "The purpose of Code Ann. § 58-1003 is to permit such elections to be held, not to provide technicalities by which a popular vote may be thwarted." Where the only protest made springs forth after the election takes place we have held that "All provisions of the election law are mandatory if enforcement is sought before election in a direct proceeding for that purpose; but after election all should be held directory only, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote, or to the ascertainment of the result, unless the provisions affect an essential element in the election, or unless it is expressly declared by the statute that the particular act is essential to the validity of an election or that its omission renders it void." *Tate v. Morley,* 223 Ga. 36 (153 SE2d 437); *Adair v. McElreath,* 167 Ga. 294 (145 SE 841). In the case before us now the appellants knew from April 17, 1973, to May 16, 1973, that the 30-day requirement would not be complied with, yet they took no action. In view of the facts as stated, and the precedent cited above we hold that on this ground the election was not void.

3. The appellants complain that they were denied access to the petition prior to the election. The evidence supports this contention. The appellants asked to see the petition in order to verify some of the signatures and the mayor refused to comply with their request. The appellants had a right to view the petition under our law. Code Ann. §§ 40-2701 and 34A-108.

However, here they took no action to enforce this right and at this late date, subsequent to the election, will not be heard to complain. See *Tate v. Morley,* supra, and *Adair v. McElreath,* supra.

4. No error being shown, the judgment of the lower court is affirmed.

*Judgment affirmed. All the Justices concur, except Ingram, J., who dissents from Division 2 of the opinion.*

ARGUED NOVEMBER 13, 1973 — DECIDED JANUARY 9, 1974.

*Fallin & Kirbo, Billy G. Fallin,* for appellants.

*Whelchel & Whelchel, Hoyt H. Whelchel,* for appellees.

INGRAM, Justice, dissenting. I respectfully dissent from the holding in Division 2 of the majority opinion. In *Committee for New Cobb County Revenue,* 228 Ga. 364, supra, this court "excused" the ordinary from not complying with Code Ann. § 58-1003 (requiring the election to be held within thirty days from the filing of the petition) because the election was delayed by a court order. In the present case, the only reason given for not holding this election within the period required by the statute is that thirty days was an insufficient amount of time. It seems to me this argument should be addressed to the legislature, not to the court. The law says the ordinary "shall call a special election to be held within thirty days from the filing of such petition." The word "shall" is mandatory, not permissive, and in my opinion, this court ought to enforce the law as written by the legislature.

The majority opinion excuses enforcement of the statutory period for calling the election on the grounds that appellants took no action until after the election. One weakness of this position is that the law states unequivocally the election must be held within thirty days. Even the cases of *Tate v. Morley,* 223 Ga. 36, and *Adair v. McElreath,* 167 Ga. 294, cited in the majority opinion, recognize the rule that if statutory provisions affect an essential element in the election or the statutory omission renders an election void, the election law provisions are mandatory, rather than directory. In my view, these two cases do not require the result reached by the majority. We do not need any extrinsic assistance to know that this statutory requirement of thirty days is mandatory. It plainly says so. What we really come down to in this case is whether this court "shall" enforce the thirty day statutory period or not. I "shall" continue to read the word "shall" in statutes adopted by the General Assembly to mean just what it says. If the members

of the General Assembly desire to extend the statutory period of thirty days to whatever period of time is needed by election officials to handle such matters, it is their prerogative to do so. Until they do, I conclude that thirty days means thirty days and no more. In my opinion this court has no authority to relax these statutory requirements by judicial amendment as it has done in this case.

I respectfully dissent.