## 32547. SHEAD et al. v. SCHOLES.

MARSHALL, Justice.

The present case involves a dispute between the director of the Cobb Pre-trial Court Services Agency (referred to as the "agency") as appellee-plaintiff and the members of the Cobb County Civil Service Board (referred to as the "board") as appellant-defendants.

The agency was established in 1973 by a sua sponte order of the Superior Court Judges of the Cobb Judicial Circuit to govern the procedures of the bail system of Cobb County.

The board was created under the Cobb County Civil Service System Act (Ga. L. 1964, pp. 2502-2509) (referred to as the "Act"). The Act was passed by the General Assembly pursuant to an amendment to the State Constitution authorizing the creation of a Civil Service System in Cobb County (Ga. L. 1963, p. 685).

The present controversy began with the appellee's firing one of the agency employees. The employee filed an appeal to the board. Before a hearing could be convened to review the employee's dismissal, the appellee filed a petition in the Cobb Superior Court for a declaratory

judgment that the board lacked jurisdiction to review the suspension or termination of an employee of the agency. The petition also included prayers for a temporary and permanent restraining order to restrain the board from reviewing the appeal of the employee who had been discharged or any other termination or suspension of an employee of the agency.

The trial court ruled in favor of the plaintiff, and entered an order permanently restraining the defendants from accepting an appeal for review of any dismissal of an employee from the agency. The defendants appeal. *Held:*

The 1963 amendment to the State Constitution authorizes the creation of a Civil Service System in Cobb County "for any or all those persons, other than elected officials, whose wages or salaries are paid in whole or in part out of the funds of Cobb County, . . ."

The Act likewise authorizes establishment of a Civil Service System in Cobb County "for persons receiving salary and wages in whole or in part from Cobb County."

Under Section 5 of the Act, all personnel of Cobb County, except those coming within the mandatory provisions for inclusion or exclusion (which do not apply to this case), may come under the jurisdiction of the Civil Service Board as members of the Civil Service System providing their respective departments have elected to do so according to the procedures set out in the Act. Under those procedures, twenty percent of the employees of a department must sign a petition directed to the Civil Service Board stating that they desire an election to determine whether or not their department shall be governed by the Civil Service System. If two-thirds of those employees voting elect to be governed under Civil Service, then that department and all of its personnel shall be included under the jurisdiction of the Civil Service Board.

Section 5 goes on to define department as "a group of employees so designated as a department by the Governing Authority of Cobb County."

It appears from the record that the agency personnel were originally included within a department of county government known as Court Administration. In 1975, a petition from the office of Court Administration signed by

two persons was presented to the Civil Service Board. The petition stated that three persons were employed in the office of Court Administration and that signatures of .60 persons (20% of the employees of that department) were needed to petition the board for an election. An election was held under the auspices of the board. The election itself was participated in by eleven employees, two employed by the Court Administrator's office and nine employed by the agency. Those eleven employees voted unanimously to be governed by the Civil Service System. The election was certified by the Civil Service Board. Effective January 1, 1977, however, the agency split off from Court Administration and became a separate department.

The trial court ruled that the agency had not complied with the procedure set out in the Act for coming under the jurisdiction of the board in that the requisite number of employees of the agency had not signed the petition requesting an election.

It has been held by this court that, "All provisions of the [public] election law are mandatory if enforcement is sought before election in a direct proceeding for that purpose; but after election all should be held directory only, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote, or to the ascertainment of the result, unless the provisions affect an essential element in the election, or unless it is expressly declared by the statute that the particular act is essential to the validity of an election or that its omission renders it void." *Tate v. Morley,* 223 Ga. 36, 38 (153 SE2d 437) (1967); *Rentz v. City of Moultrie,* 231 Ga. 579, 580 (203 SE2d 216) (1974).

Furthermore, it appears to be the rule in most jurisdictions that when a petition of the electors is required to call a special election, the sufficiency of the petition is generally not subject to collateral attack after the election has been held. See 26 AmJur2d 20, Elections, § 192.

The previously cited authorities, while not directly controlling, convince us that the sufficiency of the petition requesting a Civil Service election in this case should not be subject to collateral attack, as the election itself has

already been held and not been shown to be in any other respect unfair or in violation of law.

The trial court further ruled: "Pre-trial Services is an agency that is not a part of the County governmental system, but rather was created by judicial order. Such employees are not concerned with any County function but rather are totally a part of the judicial system dealing with the release of persons who have been arrested. Such employees are appointed by the court to serve at its pleasure. Thus, this court must find as the Georgia Supreme Court [in *Civil Service Bd. of Fulton County v. MacNeill,* 201 Ga. 643 (40 SE2d 655) (1946)] found that such employees are not and cannot become a part of the Cobb Civil Service System."

In *MacNeill,* referred to in the order of the trial court, it was held that assistant probation officers appointed by the judges of the Fulton Superior Court were not "county employees" within the meaning of Ga. L. 1939, p. 36 — an amendment to the State Constitution authorizing the creation of a Civil Service System in Fulton County for "county employees and employees and deputies of County officers." Therefore, this court held that so much of the implementing Act (Ga. L. 1943, p. 971) as undertook to include probation officers and assistant probation officers within the Fulton County Civil Service System was unconstitutional.

The court stated, "In the present case, the assistant probation officers . . . have no duty to perform that has been made a part of county government. Their sole duties are connected with the operation of the criminal courts, in that they have supervision of persons placed on probation. They are answerable only to the court making the appointment, and serve at the pleasure of such court. Such persons are not county officers, nor are they county employees." Id. p. 647.

The reasoning of the court in *MacNeill* persuades us that, just as assistant probation officers were held not to be "county employees" within the meaning of the constitutional amendment authorizing a Civil Service System for Fulton County, employees of the Pre-trial Court Services Agency would not be considered "county employees" within the meaning of a constitutional or

statutory provision similarly worded.

However, that is not the dispositive issue in the case at bar. The constitutional amendment authorizing creation of a Civil Service System for Cobb County, and the implementing Act passed by the General Assembly, extend coverage to any or all persons, other than elected officials, whose wages or salaries are paid in whole or in part out of the funds of Cobb County.

Within the appellant's answer is the statement not controverted by the findings of the trial court, that the governing authority of Cobb County approves the agency's budget and is solely responsible for funding the agency.

Therefore, under the terms of both the constitutional amendment and the Act, those persons employed by the agency may come under the jurisdiction of the Civil Service System if the requisite number of them so choose.

The final question presenting itself for decision is whether the agency personnel remained under the jurisdiction of the Civil Service System after the agency separated from Court Administration. While we might answer this question differently under the facts of another case, under the facts of this case we believe they did. All personnel employed by the agency voted to come under Civil Service at the time of the election in 1975. It does not appear that the agency personnel had changed as of January 1, 1977, when the agency technically became a department separate and distinct from Court Administration. Under these facts, we see no reason why the departmental reclassification should automatically result in the employees of the department being denied coverage when they had previously decided by unanimous vote to come under Civil Service.

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 15, 1977 — DECIDED SEPTEMBER 7, 1977 — REHEARING DENIED SEPTEMBER 29, 1977.

*Ben F. Smith,* for appellants.
*Barnes & Browning, Thomas J. Browning,* for appellee.